IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES EDWARD BLACK                                                    PLAINTIFF

v.                      Civil No. 6:17-CV-6015

DR. NANETTE VOWELL, *et. al.*                                          DEFENDANTS

### ORDER

Plaintiff, Charles Edward Black, submitted this *pro se* action for filing on January 26, 2017. (ECF No. 1). Currently before the Court is Plaintiff's failure to follow a Court order and failure to prosecute.

On June 27, 2017, Defendants filed a Motion for Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies concerning his claims. (ECF No. 24). On July 28, 2017, the Court entered an Order directing Plaintiff to respond to Defendants' Motion for Summary Judgment by August 30, 2017. (ECF No. 27). The Order advised Plaintiff that failure to file a response by the deadline could result in summary dismissal of his case. The Order was not returned as undeliverable. Plaintiff did not respond. Plaintiff has not communicated with the Court since May 12, 2017. (ECF No. 21).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any

1

communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with a Court order and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 5th day of October, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge